FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2015 SEP 9  PM 2: 45

| | | |
|---|---|---|
| ROBERT COOPER, # 209556 | * | CLERK'S OFFICE |
| Plaintiff, | * | AT BALTIMORE |
| | * | |
| v. | * | BY_____ DEPUTY |
| | * | Civil Action No. JFM-14-629 |
| | * | |
| PEGGY MAHLER, RNP, | * | |
| SGT. CRUMPAC, | * | |
| JOHN/JANE DOE, DIRECTOR, RN, | * | |
| GREGG HERSHBERGER, SECRETARY, | * | |
| KIM MARTIN, RN, | * | |
| ALAN WILT, RN, | * | |
| AVA JOUBERT, | * | |
| JANICE GILMORE, MEDICAL | * | |
| ADMINISTRATOR, | * | |
| COLIN OTTEY, MD, | * | |
| WEXFORD HEALTH SOURCES, | * | |
| NURSE JENNIFER, RN, | * | |
| LEA WILEY, NURSE LPN, | * | |
| DENNIS MARTIN, RN, | * | |
| QUINTA LUM, PA, | * | |
| BRAD BRINEGAR, | * | |
| BRETT WILBURN, | * | |
| WILLIAM LOGSDON | * | |
| Defendants. | ****** | |

**MEMORANDUM**

Pending is self-represented plaintiff Robert Cooper's complaint filed pursuant to 42

U.S.C. § 1983, Defendants Wexford Health Sources, Inc., Peggy Mahler, P.A., Quinta Lum,

P.A., Dennis Martin, R.N., Lee Wiley, LPN, Kim Martin, R.N., Alan Wilt, R.N., Ava Joubert,

M.D., Colin Ottey, M.D., and Janice Gilmore (collectively "Medical Defendants"), by their

counsel, have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. (ECF 14). For reasons to follow, the motion to dismiss shall be granted in part and

denied in part.[1]

---

[1] By separate order the claims against correctional officials Sgt. Crumpac. Gregg Hershberger, Secretary, Brad Brinegar, Brett Wilburn, and William Logsdon were consolidated with *Robert Cooper v. Brinegar, et al,* Civil Action JFM-13-3692.

## BACKGROUND

Cooper is an inmate in the custody of the Maryland Department of Correction.  His claims against the Medical Defendants are predicated on the medical treatment he was provided after he was involved in a use of force incident at Western Correctional Institution in Cumberland, Maryland, on October 22, 2013.  As relief, Cooper is requesting compensatory damages of $75,000 and "future damages" of $350,000 for breach of duty, intentional infliction of emotional distress, negligent infliction of emotional distress, gross negligence, medical malpractice and/or negligence. ECF 1, ¶¶ 20-22.

Cooper was taken to the medical department on October 22, 2013 after the incident, where he was examined by defendant Kim Martin, R.N. ("Martin"). Cooper alleges "correctional staff" permitted Martin to address his exposure to pepper spray, but not his physical injuries. (ECF 1, ¶ 1).[2]  Cooper wanted x-rays and asked Martin to refer him to an eye doctor, a dentist, and a psychologist. *Id.* ¶ 2.

Cooper also claims that after he informed "Nurse Jennifer"[3] that he was assaulted by correctional officers, she did not give him his medication for his pre-existing illnesses. *Id.* ¶ 3. He complained to defendant Quinta Lum, P.A., ("Lum") that no one had addressed his physical injuries or medical issues after the incident.  Lum responded she could not provide treatment unless he first submitted a sick call slip. *Id.* ¶ 4.  Cooper acknowledges prescribed medication to treat his eye. *Id.*

---

[2]   Notably, Cooper does not specify the names of the "correctional staff" or particularize in what manner they did not permit Martin to treat his physical injuries. Cooper's claim against "correctional staff" will be addressed in Civil Action No. JFM-13-3692.

[3]   Counsel for Wexford Health Sources, Inc., the contractor of medical services at WCI, indicates she was unable to identify any individual named "Nurse Jennifer." ECF 14, n. 2. Service has not been obtained on "Nurse Jennifer" or "John/Jane Doe, Director, R.N" and both will be dismissed from this action by separate order. Notably, Cooper does not claim he suffered any harm as a result of this purported one time failure to provide him medication.

On October 24, 2013, Cooper informed Martin that his eye had worsened. He indicated he had not received routine medication prescribed for high blood pressure and requested x-rays and referrals for eye doctor, dentist, and psychologist consultations. *Id.* Cooper claims he that informed defendant Lea Wiley ("Wiley") that he had not received his routine medication, and Wiley responded that security had "packed" his medication and property. *Id.* ¶ 6.[4] Further, Cooper claims he informed defendant Peggy Mahler, P.A. ("Mahler") and Wiley that he had been assaulted by correctional officers. Mahler told him she would refer him to an eye doctor and the psychology department and order an x-ray.

Cooper alleges he sent three sick call slips to Martin on November 20, 2013. He complained of blurred vision and that he had not been seen for his psychological and physical injuries. *Id.* ¶ 9. He claims that in November and December of 2013, he complained to Martin, Wiley and Ava Joubert, M.D. about blurred vision. He maintains that each stated an eye doctor referral would be submitted. *Id.* ¶¶ 14-16.

Lastly, Cooper asserts that between October 23, 2013 and February 7, 2014, an unnamed "Scheduling Nurse," defendant Janice Gilmore, a medical administrator, and defendant Colin Ottey, M.D., were contacted concerning his request for eye and psychology consultations. *Id.* ¶ 17.

## DISCUSSION

Complaints filed by self-represented plaintiffs such as Cooper are "to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Nonetheless, a pro se complaint must at least meet a minimal threshold of plausibility

---

[4] Cooper was moved to a different cell after the use of force incident on October 22, 2014. (ECF 1, ¶ 6).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).   In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Generally, when ruling on a 12(b)(6) motion, the court assumes that the facts alleged in the complaint are true and draws all reasonable factual inferences in the nonmoving party's favor. *Edwards,* 178 F.3d at 244. A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555(internal quotations omitted).

Prior to bringing a medical malpractice claim under Maryland law, a plaintiff must comply with the requirements of Maryland's Health Care Malpractice Claims Act. *See* Md.Code (2006 repl.vol. 2012 supp.), § 3–2a–01 of the Courts and Judicial Proceedings Article ("C. J."). A plaintiff must exhaust his medical malpractice claim before the Maryland Health Claims Alternative Dispute Resolution Office as a condition precedent to any judicial action. See C.J. § 3–2a–02; *Carroll v. Konits*, 400  Md. 167, 172 (2007).  Cooper provides no evidence that he has complied with this requirement. Accordingly, Cooper's claims of medical malpractice and/or negligence will be dismissed.

Cooper remaining allegations, albeit inartfully stated, suggest he is claiming defendants acted with deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment of the United States Constitution. As Cooper presents his claims with a declaration of their veracity (ECF 1, p. 17), dismissal the complaint in its entirety is inappropriate. Defendants will be granted thirty days to file a the dispositive motion supported by verified exhibits and affidavits addressing the claims presented herein. Plaintiff is granted thirty days thereafter to reply. In the event the Medical Defendants' dispositive pleading is not filed within the requisite time, a scheduling order shall be entered.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF 14) IS GRANTED in part and DENIED in part.   A separate order follows.


_Sept 9, 2015_
Date

_____
J. Frederick Motz
United States District Judge

5